IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MAURICE JAMALL ROLLINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>USA, )<br>)<br>Defendant. ) | Case No. 2:20-04252-CV-RK<br>Crim. No. 2:18-cr-04090-RK-1 |

# ORDER

Movant is incarcerated in FCI Greenville in Greenville, Illinois. He filed this case pro se pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence entered against him in the above-cited criminal case. For the reasons explained below, Respondent's motion to dismiss (Doc. 9) is **GRANTED** as the case is untimely filed. *See* § 2255(f). The Court **DENIES** a certificate of appealability.

## Background

On May 10, 2019, Movant pleaded guilty to one count of being a felon in possession of a firearm and this Court sentenced him to 96 months' imprisonment. The Court issued its Judgment on September 30, 2019. Movant did not appeal. On December 14, 2020, Movant filed this § 2255 motion. (Doc. 1.)

## Legal Standard

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence by alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" A motion under this statute "is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). Instead, § 2255 provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citations omitted).

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (citation and quotation marks omitted). Additionally, a petition that consists only of "conclusory allegations unsupported by specifics [or] contentions that, in the face of the record, are wholly incredible," is insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

## Discussion

Respondent argues that this case should be dismissed as having been untimely filed. (Doc. 9 at 1.) A one-year period of limitation applies in § 2255 cases. Key to this case, the one-year limitation period runs from the "date on which the judgment of conviction becomes final." § 2255(f). Motions that are not filed within these time limits should be dismissed as untimely. *See Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999); *Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003). Although "not a jurisdictional bar," *Moore*, 173 F.3d at 1134, a district court is precluded from considering the merits of untimely claims where, as here, the Government timely raises a statute-of-limitation defense. *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).

The Court imposed Movant's sentence on September 30, 2019. Movant had 14 days, until October 14, 2019, to file a notice of appeal. When he did not appeal, Movant had one year, until October 14, 2019, to file a timely § 2255 motion. Movant filed the instant motion on December 14, 2020, more than one year after the deadline to file a § 2255 motion elapsed.

Moreover, Movant fails to show any impediment created by government action in violation of the Constitution or laws of the United States that prevented Movant from filing his motion that would have extended the time period for filing the motion under 28 U.S.C § 2255(f)(2). Movant's motion was not timely filed under 28 U.S.C § 2255(f)(3). The Supreme Court's opinion in *Rehaif* was issued on June 21, 2019. Movant's motion was not filed within one year of the Supreme Court's ruling in *Rehaif*. Further, the date on which the facts supporting Movant's claim could have been discovered at any time prior to the entry of judgment and therefore, the Motion was not timely filed under 28 U.S.C § 2255(f)(4).

Accordingly, Movant's claims are procedurally barred.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

### Conclusion

Respondent's motion to dismiss (Doc. 9) is **GRANTED** because Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is untimely filed, and the Court declines to issue a certificate of appealability. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 25, 2021